## ATTORNEY'S FEES IN ACTION BY TAX-PAYER.

Court of Appeals for Hamilton County.

THEODORE HORSTMAN v. CITY OF CINCINNATI.

Decided, July 21, 1913.

*Attorney and Client—Allowance for Services in Action Brought by a Tax-payer—Effect of Amendment to Section 1779, Revised Statutes.*

Where prior to the amendment of Section 1779, Revised Statutes, an attorney prosecuting an action as a tax-payer was awarded judgment in the court below, he is entitled to an allowance which will cover all his costs in the case including a reasonable sum for services as attorney, notwithstanding that subsequent to the amendment of this statute error was prosecuted to the Supreme Court resulting in a reversal of the judgment below.

*Horstman & Horstman,* for plaintiff in error.
*Coleman Avery,* Assistant City Solicitor, contra.

JONES, E. H., J.; SWING, J., and JONES, O. B., J., concur.

This is a proceeding in error to reverse an order made in the superior court in special term overruling the motion and amendment thereto of Theodore Horstman for an allowance for his costs and counsel fees in what is commonly known as "the Rogers Law case." The style of that case was "Theodore Horstman, on behalf of the city of Cincinnati, versus the Cincinnati Street Railway Company, a corporation under the laws of Ohio." The

suit was begun by Mr. Horstman to test the constitutionality of an act of the General Assembly of the state of Ohio, the city solicitor having declined, upon request, to bring the action.

Sections 1778 and 1779, Revised Statutes, in force at the time the orginal action was commenced, read as follows:

"Section 1778. In case he fail upon the request of any tax-payer of the corporation to make the application provided for in the preceding action, it shall be lawful for such tax-payer to institute suit for such purpose in his own name, on behalf of the corporation; provided, that no such suit or proceeding shall be entertained by any court until such request shall have first been made in writing. (87 O. L., 123.)

"Section 1779. If the court hearing such case is satisfied that such tax-payer had good cause to believe that his allegations were well founded, or if the same is sufficient in law, it shall make such order as the equity and justice of the case demands; and in such case the tax-payer shall be allowed his costs, including a reasonable compensation to his attorney. (66 O. L., 175, Sec. 161.)"

On April 29, 1902, after the original action was begun and before the judgment was entered in the superior court this latter section was amended, the amendment providing in effect that before compensation may be allowed to the attorney for the tax-payer judgment must be finally ordered in favor of such tax-payer. The judgment in the superior court was in favor of the plaintiff, but upon a proceeding in error this judgment was reversed by the Supreme Court.

Upon an examination of the pleadings and record in the case, and owing to the fact that Mr. Horstman as tax-payer won the case in the superior court, we are satisfied that he is entitled, under Section 1779, R. S., to be allowed all his costs in this case including a reasonable compensation to himself as attorney in the superior court. The proceeding in error not having been begun in the Supreme Court until after the amendment he would not be entitled to any compensation for his legal services in said court, the decision in that court having been against him. As a part of his compensation to be allowed for his services in the superior court he is entitled to receive any money expended by him for printing briefs.

The superior court erred in overruling the motion of plaintiff in error for an allowance against the city for his costs and compensation to the extent above stated, and the judgment will be reversed and the case remanded to that court with instructions that it proceed to determine and adjudge what would be a reasonable compensation for plaintiff in error for his services as attorney in said cause in that court, said amount, together with all costs in the superior court and Supreme Court including the costs of this proceeding in error, to be taxed against and paid by the city of Cincinnati.